IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.     13-cv-01349-WYD-MJW

CONTINENTAL CREDIT CORPORATION, a Colorado corporation,

   Plaintiff,

v.

JEFFREY DRAGOVICH, an Individual,

   Defendant.

---

### TEMPORARY RESTRAINING ORDER

---

This matter is before the Court on Plaintiff Continental Credit Corporation's ("Continental") Motion for Temporary Restraining Order and Order to Show Cause, filed May 23, 2013 ("Motion").   [Doc. No. 3].   Defendant Jeffrey Dragovich ("Dragovich") has been provided notice of the Motion and Continental has satisfied its obligations to confer with Dragovich pursuant to D.C.COLO.LCivR 7.1A and 65.1A.

On May 29, 2013, I held a hearing on the Motion.   All parties appeared in person or via telephone.

I.   BACKGROUND

This civil action was commenced on May 23, 2013, by Continental's filing of a Complaint [Doc. No. 1].   The Complaint avers three claims for relief: (1) Declaratory Judgment of Enforceability of a Confidentiality Agreement and Covenant not to Compete; (2) Breach of Contract; and (3) Misappropriation of Trade Secrets under Colo. Rev. Stat. §§ 7-74-101, et seq.

The Court has personal jurisdiction over the parties to this action and Dragovich has consented to jurisdiction in this Court for purposes of the present action. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 and 1367. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1391(c).

II.     ANALYSIS

In determining whether a Temporary Restraining Order should issue, I have carefully considered all relevant pleadings, legal authority, evidence, and arguments presented at the May 29, 2013 hearing.

A party seeking a preliminary injunction or a temporary restraining order must show: "(1) a reasonable probability of success on the merits; (2) a danger of real, immediate, and irreparable injury which may be prevented by injunctive relief; (3) lack of a plain, speedy, and adequate remedy at law; (4) no disservice to the public interest; (5) balance of equities in favor of the injunction; and (6) preservation by the injunction of the status quo pending a trial on the merits."  *Gitlitz v. Bellock*, 171 P.2d 1274, 1278 (Colo. Ct. App. 2007). I have authority to grant the requested temporary restraining order pursuant to Fed. R. Civ. P. 65(b) and C.R.S. § 7-74-103. For reasons stated on the record at the May 29, 2013 hearing, I find that the evidence in this case demonstrates that these factors weigh in favor of injunctive relief, initially in the form of a temporary restraining order.

III.    ORDERS

THEREFORE, IT IS ORDERED AS FOLLOWS:

1.      That under Fed. R. Civ. P. 65, Continental's Motion [Doc. No. 3], filed May 23, 2013, is **GRANTED** as follows:

2.  Dragovich is TEMPORARILY ENJOINED AND RESTRAINED from diverting or attempting to divert, directly or indirectly, any business or customer of Continental to Go Clean Credit, its officers, directors, agents, servants, employees, privies, representatives, attorneys, parent or subsidiary corporations, or other related entities, successors, and assigns, and all persons in active concert or participation with any of them to the extent that those entities are contained on Continental's Referral Source List;

3.  Dragovich is TEMPORARILY ENJOINED AND RESTRAINED from soliciting or attempting to solicit, directly or indirectly, any person who is a referral source of Continental, including but not limited to any mortgage broker with whom Continental does business, or otherwise directly or indirectly inducing such persons to refer credit repair business to Go Clean Credit, its officers, directors, agents, servants, employees, privies, representatives, attorneys, parent or subsidiary corporations, or other related entities, successors, and assigns, and all persons in active concert or participation with any of them;

4.  Dragovich is ORDERED TO RETURN to Continental's counsel within 48 hours of the issuance of this Temporary Restraining Order all copies of all documents, including electronic documents, in his possession constituting, reflecting, containing, or alluding to Continental's trade secrets, including, without limitation, Continental's Referral Source List;

5.  Dragovich, his agents, servants, employees, employers, privies, representatives, attorneys, parent or subsidiary corporations or any related entities, successors or assigns of any of them, are TEMPORARILY ENJOINED AND

RESTRAINED from any use of Continental's trade secrets;

6. This temporary restraining order ENJOINS AND RESTRAINS Dragovich, his agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Temporary Restraining Order;

7. Pursuant to Fed. R. Civ. P. 65(c), Plaintiff Continental Credit Corporation, is ORDERED to deposit with the Clerk of the Court a bond in the amount $10,000.00 for the payment of such costs and damages as may be suffered by any party later found to have been wrongfully restrained. The bond shall be posted with the Clerk of the Court on or before May 30, 2013 at 5:00 p.m. (Mountain Daylight Time);

8. Pursuant to Fed. R. Civ. P. 65(b)(2), this Temporary Restraining Order shall expire, if not sooner modified or dissolved, on June 13, 2013, at 5:00 p.m. (Mountain Daylight Time);

9. Pursuant to Fed. R. Civ. P. 65(b)(3), a hearing on a preliminary injunction is set for **Tuesday, June 11, 2013 at 1:30 p.m.** Should Dragovich require an extension of time for good cause to prepare for this hearing, a proper motion shall be filed in accordance with Fed. R. Civ. P. 65(b)(2).

10. Continental shall promptly serve a copy of this Temporary Restraining Order on Dragovich in the manner prescribed by law.

Dated: May 30, 2013

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE