IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01349-WYD-MJW

CONTINENTAL CREDIT CORPORATION,
a Colorado corporation,

Plaintiff,

v.

JEFFREY DRAGOVICH,
an Individual,

Defendant.

---

**STIPULATED PROTECTIVE ORDER** ( Docket No 25-1 )

---

**1. PURPOSES AND LIMITATIONS**

Disclosure and discovery activities in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this action would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled under applicable legal principles to treatment as confidential.

## 2. DEFINITIONS

2.1  Party: any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2  Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3  "Confidential" Information or Items: non-public materials (regardless of how generated, stored or maintained) or tangible things containing sensitive commercial, financial or technical information that the Producing Party believes in good faith must be held confidential to protect business or commercial interests or to avoid impairing commercial value or competitive worth.

2.4  "Highly Confidential-Attorneys' Eyes Only" Information or Items: non-public materials that contain or disclose (i) current cost and pricing information; (ii) proprietary technical, research, or development information, including but not limited to that connected to trade secrets of the Producing Party; (iii) current financial or business plans or strategies; (iv) proposed, pending, contemplated, or non-public commercial transactions or other proposed, pending, contemplated, or non-public business ventures or combinations; (v) proprietary competitor analysis; (vi) licensing plans, strategies, research and analysis; (vii) personnel data, personal financial information, or tax data; and (viii) other information that the Producing Party believes in good faith is so commercially sensitive or confidential that the disclosure to employees of another Party,

even under the restricted terms and conditions applicable to material designated "Confidential," would not provide adequate protection to the interest of the Producing Party.

2.5 "Protected Material": Confidential Information and Items and Highly Confidential-Attorneys' Eyes Only Information or Items as well as copies thereof disclosed or produced by any Party in this litigation (or by any third-party or non-party). Protected Materials shall not include: (a) advertising materials; (b) materials that on their face show that they have been published to the general public; or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

2.6 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party in this action.

2.7 Producing Party: a Party or non-party that produces Disclosure or Discovery Material to a Receiving Party in this action.

2.8 Designating Party: a Producing Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential-Attorneys' Eyes Only."

2.9 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 In-House Counsel: attorneys who are employees of a Party.

2.11 Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

2.12 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained or specially employed by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation. This definition does not include any employee of a Party who may provide expert testimony. However, nothing in this Order precludes any employee of a Party from being designated as or providing expert testimony in this action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 3. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel that might reveal Protected Material.

## 4. DURATION

Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. A Designating Party must take care to limit any designation of information or items to specific material that qualifies under the standards set forth above, so that other materials for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routine designations are prohibited. If it comes to the attention of a Designating Party that information or items that it designated for protection under this Order do not qualify for protection as set forth herein, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all Receiving Parties that it is withdrawing or revising the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on each page that contains protected material. A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made

available for inspection shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which materials qualify for protection under this Order, then, before producing the specified materials, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY") on each page that contains Protected Material;

    (b) for testimony given in deposition or in other pretrial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." In addition, all testimony in a deposition shall be automatically treated by the Parties as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" for up to thirty (30) days after receipt of the official transcript. A Party or non-party that sponsors, offers, or gives the testimony has up to thirty (30) days after receipt of the official transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within thirty (30) days after receipt of the official transcript shall be covered by the provisions of this Order. Transcripts containing Protected Material must have affixed by the court reporter to the top of the transcript the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony;

(c) for documents produced electronically in native format, that the Producing Party either: (1) attach a cover sheet bearing the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY") in a clear, distinctive manner to any document containing Protected Material; or (2) affix in a prominent place the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" to the exterior of any CD, DVD, Flash Drive, Hard Drive or any other media containing Protected Material; and

(d) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY."

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" does not waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely

notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4 Inadvertent Production of Privileged Material. Inadvertent disclosure of any document or other information covered by the attorney-client privilege, work-product or other applicable privileges during discovery in this matter, shall be without prejudice to any claim that such document or other information is privileged or confidential, and no party shall be held to have waived any rights by such inadvertent disclosure. If the Producing Party claims in writing that identified material was inadvertently disclosed, the Receiving Party shall immediately return to counsel for the Producing Party any and all copies of the identified material and thereafter refrain from any use whatsoever of the identified material. The provisions of Rule 26(b)(5) of the Federal Rules of Civil Procedure are hereby incorporated by reference and nothing herein is intended to limit the applicability of Rule 26(b)(5) to information disclosed during discovery in this matter. Nothing herein shall prevent the Receiving Party from contending that privilege was waived for reasons other than the mere inadvertent production thereof.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's designation under this Order is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a

Designating Party's designation under this Order must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the designation was improper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 Judicial Intervention. A Party that elects to challenge a designation, after considering the justification offered by the Designating Party, may raise the issue with the Court by bringing a noticed motion to the Court requesting it to vacate or modify the confidentiality designation. The motion shall identify the challenged material and set forth in detail the basis for the challenge. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's challenged designation.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 Basic Principles. A Receiving Party shall only use Discovery Material, including Protected Material, for purposes of prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner that ensures that access is limited to the persons authorized under this Order. Notwithstanding any other provisions of this Order, under no circumstances shall any Protected Material or any information contained therein be used by any Receiving Party or Counsel for competitive purposes on behalf of a Receiving Party.

7.2 Disclosure of Protected Materials. Protected Materials and any information contained therein shall be disclosed (and copies may be made to facilitate this disclosure) only to the following persons ("Qualified Persons"):

(a) Outside Counsel (both Outside Counsel of record, other Outside Counsel) of a Receiving Party who are substantially engaged in the prosecution or defense of this action, including attorneys associated with Outside Counsel of record, and regular and temporary employees and support staff of such Outside Counsel of record, other outside counsel;

(b) Professional Vendors that assist Counsel in the prosecution or defense of this action, such as outside contractors and document discovery services hired to copy, index, image, sort, store, process, or otherwise manage the collection, storage, and retrieval of discovery materials, graphics or design services, and jury or trial consulting services, and who have executed the Acknowledgment and Agreement to be Bound in the form annexed hereto as Exhibit A;

(c) Experts, whether testifying or not, including their support staff and associates, only to the extent necessary for such an Expert to prepare a written report or opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this

action, and who have executed the Acknowledgment and Agreement to be Bound in the form annexed hereto as Exhibit A prior to the first disclosure of Protected Materials to the Expert;

    (d)    the Court and its staff, or a Special Master appointed by the Court and its staff;

    (e)    court reporters and videographers employed by the Court or the parties to record or transcribe testimony (in deposition or in court) or any other proceedings in these actions;

    (f)    the author or recipient (including copied recipients) of the document, which document was authored or received in the normal course of business and was known to the author or recipient outside of this litigation;

    (g)    those other persons authorized by written consent or stipulation of the Producing Party, under conditions set forth by that Producing Party, prior to disclosure to such persons;

    (h)    any other person only upon order of the Court after an application and a showing by the Party seeking to make disclosure that such proposed disclosure will not raise a risk of material harm to the Producing Party and will not be used to the technical, marketing, financial, commercial or other competitive advantage of the person or the party seeking disclosure; provided, however, that each such person whose application the Court approves shall execute the Acknowledgment and Agreement to be Bound in the form annexed hereto as Exhibit A prior to disclosure.

    (i)    the Receiving Party, if an individual, or up to two employees of the

Receiving Party, if a juristic entity, who have executed the Acknowledgment and Agreement to be Bound in the form annexed hereto as Exhibit A, and designated in writing by such Receiving Party to all other Parties following the entry of this Stipulated Protective Order. Any Producing Party shall have five business days from receipt of a written designation to object to disclosure to specified employees. If no objection is made within five business days, then the Receiving Party may disclose Protected Materials to designated employees. If a Producing Party objects within five business days, the Receiving Party shall not disclose the Protected Materials to the designated employee absent subsequent agreement of the Producing Party or order of the Court. The Producing Party shall have the burden of filing a Motion for a Protective Order with the Court within five business days of making the objection. If the five business days elapse without the Producing Party seeking relief from the Court, the Receiving Party may disclose the Protected Materials to the designated employee(s).

7.3 Protected Materials and any information contained therein shall be used solely for the prosecution of this litigation. Confidential Information shall not be disclosed or made available by the Receiving Party to persons other than Qualified Persons. Information designated as Highly Confidential-Attorneys' Eyes Only shall be restricted in circulation to Qualified Persons described in Paragraphs 7.2(a) through 7.2(h) above.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other

litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Receiving Party must immediately notify the Designating Party in writing (by fax or email attachment, if possible) of such subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the person or entity who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to that person or entity.

The purpose of imposing these duties is to alert that person or entity to the existence of this Order and to afford the Designating Party in this action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to

execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. FILING PROTECTED MATERIAL

All Protected Material, or quotations therefrom, included in papers filed with or otherwise disclosed to the Court in oral argument or hearing, shall be filed with or disclosed to the Court pursuant to the provisions of Rule 7.2 of the Local Civil Rules for the United States District Court for the District of Colorado. Unless the Court denies the request for sealed filing or disclosure, such papers or transcripts of oral argument or hearing shall not be disclosed to any person who is not permitted to view such materials pursuant to the terms of this Order.

## 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy such Protected Material. As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that affirms that all Protected Material in the Receiving Party's possession or control has been returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of

the Protected Material. Notwithstanding the foregoing requirements of this paragraph, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence and attorney work product, even if such materials contain Protected Material. For purposes of this Paragraph 12, "work product" shall be limited to documents and tangible things that: (i) are prepared in anticipation of litigation or for trial by or for Outside Counsel or its representative; and (ii) consist of or reflect an attorney's or its representative's mental impressions, conclusions, opinions, or legal theories concerning the action. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Paragraph 4.

**12. MISCELLANEOUS**

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person or entity to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any Protected Material.

12.3 Right to Seek Modification. By stipulating to entry of this Order, no Party waives the right to later petition the Court for modification of this Order.

12.4 Right to Request Injunction. Each Party acknowledges that any breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law. If any person violates or threatens to violate the terms of this Order, the aggrieved Party may immediately apply to obtain injunctive relief against any such

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ________________________________, of ________________________________

____________________________, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado in the case of *Continental Credit Corporation v. Jeffrey Dragovich*, Case No. 13-cv-01349-WYD-MJW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

STATE OF ___________ )

COUNTY OF __________ )

SUBSCRIBED AND SWORN to before me this ____ day of _____________, 2013, by ________________________________________________.

WITNESS my hand and official seal. ____________________________________

My Commission Expires: _____________

violation or threatened violation, and in such a situation any respondent who is subject to the provisions of this Order may not employ as a defense that the aggrieved Party possesses an adequate remedy at law.

IT IS SO ORDERED:

Dated: June 25th, 2013

Michael J. Watanabe
United States Magistrate Judge

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

By: s/ Benjamin B. Lieb
Benjamin B. Lieb
blieb@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Telephone: 303-863-9700
Facsimile: 303-863-0223
litigation@sheridanross.com

ATTORNEYS FOR PLAINTIFF
CONTINENTAL CREDIT CORPORATION

By: s/ Joel W. Cantrick
Joel W. Cantrick
jcantrick@joneskeller.com
Jones & Keller, P.C.
1999 Broadway, Suite 3150
Denver, Colorado 80202
Telephone: 303-573-1600
Facsimile: 303-573-8133

ATTORNEYS FOR DEFENDANT
JEFFREY DRAGOVICH